UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION
_____

**WISCONSIN GLAZIERS & GLASS WORKERS
MONEY PURCHASE PLAN, PAINTERS LOCAL
781 HEALTH FUND, WISCONSIN GLAZIERS
& GLASS WORKERS APPRENTICESHIP FUND
and JEFF MEHRHOFF (in his capacity as Trustee),
WISCONSIN GLAZIERS & GLASS WORKERS
LOCAL UNION 1204,**

      **Plaintiffs,**

 v.                   Case No. 19-cv-1605

**THE LURIE COMPANIES, INC. and
MARC S. LURIE,**

      **Defendants.**
_____

### COMPLAINT
_____

  NOW COME the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the Defendants, allege and show to the court the following:

### Jurisdiction and Venue

  1. Jurisdiction of this Court upon The Lurie Companies, Inc. (hereinafter the "Company") and Marc S. Lurie (hereinafter "Lurie") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA") as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and

Defendants' continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA") the terms of the employee benefit plans, section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Company is engaged in business with principal offices located in Milwaukee County, Wisconsin.

## Parties

3. Plaintiffs Wisconsin Glaziers & Glass Workers Money Purchase Plan and Wisconsin Glaziers & Glass Workers Apprenticeship Fund are employee benefit plans within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 11270 West Park Place, Suite 950, Milwaukee, Wisconsin 53224.

4. Plaintiff Painters Local 781 Health Fund is an employee benefit plan within the meaning of ERISA §§ 3(1), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), (37), 1132, and 1145), and brings this action on behalf of the trustees, participants, and beneficiaries of said Plan. Said Plan maintains an office at S68 W22665 National Avenue, Big Bend, Wisconsin 53103.

5. Plaintiff Jeff Mehrhoff is a trustee and a fiduciary of the Painters Local 781 Health Fund, as well as a participant and beneficiary within the meaning of ERISA (29

U.S.C. § 1002, et seq.), and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Mehrhoff maintains an office at S68 W22665 National Avenue, Big Bend, Wisconsin 53103.

6. Plaintiff Wisconsin Glaziers & Glass Workers Local Union 1204 is a labor organization within the meaning of 29 U.S.C. § 158, et seq. and brings this action on behalf of the trustees, participants and beneficiaries of said organization for whom it collects administrative dues. Said organization maintains offices at S68 W22665 National Avenue, Big Bend, Wisconsin 53103.

7. The Company is a domestic corporation, organized under the laws of the State of Wisconsin, engaged in business with principal offices located at 5656 West Clinton Avenue, Milwaukee, Wisconsin 53223. Its registered agent for service of process is Marc S. Lurie, 5656 West Clinton Avenue, Milwaukee, Wisconsin 53223.

8. Upon information and belief, Marc S. Lurie is an adult resident of the State of Wisconsin, with a residence located at 5656 West Clinton Avenue, Milwaukee, Wisconsin 53223.

**Facts**

9. The Company is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

10. For all times relevant, the Company was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and Painters and Allied Trades, District Council No. 7, AFL-CIO (hereinafter "Union").

11. The Union represents, for purposes of collective bargaining, certain of the Company's employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

12. The Labor Agreements described herein contain provisions whereby the Company agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

13. By execution of said Labor Agreements, the Company adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as their representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

14. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, the Company has agreed as follows:

    A.    to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    B.    to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    C.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

D. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

E. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

F. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

G. to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney's fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

15. The Company has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

A. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of the Company's covered employees; and

B. failing to accurately report employee work status to the Plaintiffs.

16. ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law)

-5-

>   > of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the Defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

17. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

18. Despite demands that the Company perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted and refused to make payments for unpaid contributions. As a result, the Plaintiffs performed audits for the periods November 1, 2017 through November 30, 2018 and December 1, 2018 through February 28, 2019, which collectively discovered $215,285.56 in unpaid contributions, interest, liquidated damages, and working dues.

19. In attempts to forestall Plaintiffs from attempting to obtain a judgment and collect the judgment in full, the Company entered into a settlement agreement with the Plaintiffs on August 27, 2019.

20. Pursuant to the settlement agreement, the Company was required to make monthly payments each in the amount of $20,000.00 until the debt was retired. The settlement agreement also required the Company remain current with the Plaintiffs by making required monthly remittance payments for each hour worked by an employee

doing covered work, as defined in the Labor Agreements.

21. The Company has failed to remain current with the Plaintiffs and has failed to make required monthly payments to retire its debt as required by the settlement agreement, both constituting defaults of the settlement agreement.

22. As required by the settlement agreement, the Plaintiffs provided the Company notice of its default on October 14, 2019, and an opportunity to cure its default.

23. The Company has failed to cure its defaults and as a result has breached the settlement agreement, thus entitling the Plaintiffs to file suit for the full amount of $126,245.32 that the Company has admitted is owed to the Plaintiffs, minus payments made according to and outside the settlement agreement, as well as all unpaid monthly contributions.

24. After applying payments made pursuant to and outside the settlement agreement, the Company owes the Plaintiffs the following:

<u>Audited Periods: November 1, 2017 – November 30, 2018 and December 1, 2019 – February 28, 2019</u>:

| | |
|---|---|
| Wisconsin Glaziers & Glass Workers Money Purchase Plan | $72,935.43 |
| Painters Local 781 Health Fund | 8,871.79 |
| Wisconsin Glaziers & Glass Workers Apprenticeship Fund | 7,272.06 |
| Wisconsin Glaziers & Glass Workers Local Union 1204 (Dues) | 8,376.69 |

<u>Unaudited Period: March 1, 2019 to present</u>:

| | |
|---|---|
| Wisconsin Glaziers & Glass Workers Money Purchase Plan | Unknown |
| Painters Local 781 Health Fund | Unknown |
| Wisconsin Glaziers & Glass Workers Apprenticeship Fund | Unknown |
| Wisconsin Glaziers & Glass Workers Local Union 1204 (Dues) | Unknown |

25. Upon information and belief, during the audit periods detailed herein, Lurie, in his capacity as owner and president of the Company, oversaw payroll matters,

including bot not limited to deducting or authorizing the deduction of wages from various Company employees' paychecks for purposes of paying dues.

26. Upon information and belief, Lurie, after deducting wages from various Company employees' paychecks for purposes of dues, failed to forward said dues checkoffs to the Union as instructed by dues checkoff cards completed by the Company's employees.

## Claim One- Against Defendant The Lurie Companies, Inc. Violation of ERISA §§502 and 515 (29 U.S.C. §§1132 and 1145)

27. As and for a first claim for relief against the Company, the Plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 26 above and incorporate same as though fully set forth herein word for word.

28. For purposes of this claim, the Wisconsin Glaziers & Glass Workers Money Purchase Plan, Painters Local 781 Health Fund and Wisconsin Glaziers & Glass Workers Apprenticeship Fund are hereinafter referred to as the "Funds".

29. Due demand has been made by the Funds upon the Company for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

30. Because, as the Funds are informed and believe, the Company has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

31. Because the Company has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Funds and against the Company:

    A. For $89,079.28, representing contributions, interest, and liquidated damages owed to the Funds for the audited periods and November 1, 2017 through November 30, 2018 and December 1, 2018 through February 28, 2019;

    B. For unpaid contributions, interest and liquidated damages owed to the Funds for the period March 1, 2019 through the date this action was commenced;

    C. For unpaid contributions, interest and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

### Claim Two - Against Defendant The Lurie Companies, Inc.
### Violation of LMRA § 301 (29 U.S.C. § 185)

32. As and for a second claim for relief against the Company, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 31 above and incorporate the same as though fully set forth herein word for word.

33. Because, as the Union is informed and believes, the Company has not

paid timely and prompt working dues on behalf of union members, the Union's income is reduced, and their members may be forced to pay working dues out of pocket, even though said amounts may have already been deducted from their paychecks by the said Defendant. Consequently, the LMRA has been violated, and the Union is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against the Company:

    A. For $14,481.28, representing unpaid working dues, interest, and liquidated damages owed to the Union for the audited periods and November 1, 2017 through November 30, 2018 and December 1, 2018 through February 28, 2019;

    B. For unpaid working dues, interest and liquidated damages owed to the Union for the period March 1, 2019 through the date this action was commenced;

    C. For unpaid working dues, interest and liquidated damages owed to the Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney's fees and the costs of this action.

2. For such other, further or different relief as the court deems just and proper.

### Claim Three – Wisconsin Glaziers & Glass Workers Union Local 1204 Against Marc S. Lurie, Personally, Civil Theft, §§ 895.446 and 943.20, Wis. Stats.

34. As and for a claim for relief against Lurie, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 above and incorporate the same as though fully set forth herein word for word.

35. By his intentional conduct, by virtue of his position as a shareholder, corporate officer and/or director of the Company, Lurie has retained possession of

-10-

Case 2:19-cv-01605-JPS   Filed 11/01/19   Page 10 of 14   Document 1

working dues without the Union's consent.

36. Lurie has intentionally retained working dues with the intent to convert said monies for his own use or for the use of Lurie.

37. By virtue of his conduct, Lurie has violated Wis. Stats. §§ 895.446 and 943.20.

38. By virtue of his intentional conduct, the Union is entitled to its costs of litigation and investigation as well as treble damages pursuant to Wis. Stats. §895.446(3)(b),(c).

**WHEREFORE**, Wisconsin Glaziers & Glass Workers Local 1204 demands the following relief:

1. Judgment on behalf of the Union and against Marc S. Lurie, jointly and severally:

    A. For $14,481.28, representing the amounts deducted from the Company's employees' paychecks which should have been paid to the Union for working dues for the audited periods and November 1, 2017 through November 30, 2018 and December 1, 2018 through February 28, 2019;

    B. Treble (exemplary) damages of not more than $43,443.84;

    C. For any amounts deducted from the Company's employees' paychecks which have not been paid to the Union for working dues for the period March 1, 2019 to the commencement of this action;

    D. Treble (exemplary) damages of not more than three times the amount deducted from the Company's employees' paychecks which have not been paid to the Union for working dues for the period March 1, 2019 to the commencement of this action;

    E. For any amounts deducted from the Company's employees' paychecks which have not been paid to the Union for working dues arising after the commencement of this lawsuit through the date of judgment;

F. Treble (exemplary) damages of not more than three times the amount deducted from the Company's employees' paychecks which have not been paid to the Union for working dues arising after the commencement of this lawsuit through the date of judgment; and

G. Actual attorney's fees and the costs of any investigation and litigation related to this action.

2. For such other, further or different relief as this Court deems just and proper.

### Claim Four – Against Defendant Marc S. Lurie, Personally
### Common Law Conversion

39. As an alternative to Claim Three, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 38 above and incorporate the same as though fully set forth herein word for word.

40. Lurie did not have authority, legal or otherwise, from the Union to deduct monies from the Company's employees' paychecks without turning said monies over to the Union or to use said monies for any purpose other than to pay the Company's employees' working dues.

41. By virtue of Lurie's intentional conduct, the Union has not received working dues for its members and participants, even though said monies have been deducted from the members' and participants' paychecks.

42. Through his intentional conduct of deducting working dues from the Company's employees' paychecks and failing to forward those dues to the Union, Lurie took property belonging to the Union and has interfered with said Plaintiff's lawful rights to possess the working dues.

**WHEREFORE**, the Union demands the following relief:

-12-

1. Judgment on behalf of the Union and against Marc S. Lurie, jointly and severally:

   A. For $8,376.69, representing the amounts deducted from the Company's employees' paychecks which should have been paid to the Union for working dues for the audited periods and November 1, 2017 through November 30, 2018 and December 1, 2018 through February 28, 2019;

   B. For any amounts deducted from the Company's employees' paychecks which should have been paid to the Union for working dues for the period March 1, 2019 to the commencement of this lawsuit;

   C. For any amounts deducted from the Company's employees' paychecks which should have been paid to the Union for working dues arising after the commencement of this lawsuit through the date of judgment;

   D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as this Court deems just and proper.

### Claim Five - Against Defendant Lurie Companies, Inc. For Breach of Contract

43. As and for a fifth claim for relief against the Company, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 of the complaint.

44. By entering into a settlement agreement with the Plaintiffs, the Company agreed that it owed to the Plaintiffs the amount of $126,245.32 and to pay to the Plaintiffs that same sum of $126,245.32.

45. By failing to make payments required by the settlement agreement, and defaulting under the settlement agreement, the Company has breached the settlement agreement.

-13-

46. The Plaintiffs therefore can enforce the Company's promise to pay the entire amount of $126,245.32 owed under the agreement, minus installment payments received to the Plaintiffs through a breach of contract action.

**WHEREFORE**, the Plaintiffs demand the following relief:

1. Judgment in favor of the Plaintiffs, and against the Company in the amount of $105,525.95, plus applicable interest, attorney fees, and costs.

2. Such other and further relief as the Court deems just and proper.

Dated this 1st day of November, 2019.

s/Philip E. Thompson_____
Philip E. Thompson (SBN: 1099139)
The Previant Law Firm, S.C.
310 W. Wisconsin Avenue
Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

Attorneys for Plaintiffs
