# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WISCONSIN GLAZIERS & GLASS WORKERS MONEY PURCHASE PLAN, PAINTERS LOCAL 781 HEALTH FUND, WISCONSIN GLAZIERS & GLASS WORKERS APPRENTICESHIP FUND, JEFF MEHRHOFF, and WISCONSIN GLAZIERS & GLASS WORKERS LOCAL UNION 1204,

    Plaintiffs,

v.

THE LURIE COMPANIES INC. and MARK S. LURIE,

    Defendants.

Case No. 19-CV-1605-JPS

**ORDER**

  Plaintiffs assert claims against Defendants for breach of contract and for violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 *et seq.* and the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). (Docket #1). On November 26, 2019, Plaintiffs requested entry of default against Defendants. (Docket #4 and #12). The Clerk of Court entered default the next day. Plaintiffs also filed motions for default judgment against each of the Defendants. (Docket #6 and #14). No responses to the motions for default judgment have been received, and the time in which to submit responses as expired. Civ. L. R. 7(b).

  Because the Clerk of Court has entered default against Defendants, the Court must accept all well-pleaded facts relating to liability as true.

*Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiffs of the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiffs' motions themselves are devoid of meaningful legal or factual argument, which is not the best approach to motion practice in federal court. Nevertheless, Plaintiffs direct the Court to affidavits of counsel and other witnesses which supply a basis upon which to grant default judgment. (Docket #8, #9, #10, #16, #17, and #18). Plaintiffs' evidence establishes that Defendants failed to pay the contributions, damages, and interest they owed pursuant to the parties' agreements for certain audited periods. *Id.* Defendants are also liable for Plaintiffs' attorneys' fees and costs. *Id.* In total, Plaintiffs seek $106,060.41 from Defendant The Lurie Companies, Inc. and $43,893.84 from Defendant Mark S. Lurie. *Id.*

The claimed amounts are easily capable of ascertainment from the computations in the documentary evidence and the affidavits submitted by Plaintiffs. The Court, having determined "that defendants are liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry

of default, and that Plaintiffs' claims for delinquent contributions, damages, and interest are reasonably certain and well-supported, will now grant Plaintiffs' motions for default judgment and award them the amounts sought. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). The same is true for Plaintiffs' request for fees and costs, as provided by 29 U.S.C. § 1132(g)(2) and the collective bargaining agreements to which Defendants are bound.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motions for default judgment (Docket #6 and #14) be and the same are hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant The Lurie Companies, Inc. shall pay to Plaintiffs the total sum of $106,060.41, together with post-judgment interest as provided by law;

**IT IS FURTHER ORDERED** that Defendant Mark S. Lurie shall pay to Plaintiffs the total sum of $43,893.84, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge